IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

JORGE GARCIA-LEYVA,            )
                               )
         Petitioner,           )
                               )
                               )   CIV-14-719-M
v.                             )
                               )
CHAD MILLER, Warden,           )
                               )
         Respondent.           )

REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and the Petition has been preliminarily reviewed pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.[1] For the following reasons, it is recommended that the Petition be denied.

Petitioner states that he is serving a twenty-year sentence for the offense of Trafficking entered in the District Court of Oklahoma County on November 12, 2009. Petitioner is actually serving four, concurrent twenty-year terms of imprisonment and a concurrent ten-year term of imprisonment for drug-related convictions entered in the District Court of Oklahoma

---

[1] Rule 4 is applied in the discretion of the undersigned to this 28 U.S.C. § 2241 habeas Petition. Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts.

1

County, Case No. CF-2009-479. http://www.ok.gov/doc/ (Offender lookup accessed August 1, 2014).

In the Petition filed July 9, 2014, Petitioner asserts that he was denied due process in an institutional disciplinary proceeding conducted at the Cimarron Correctional Facility ("CCF"), a private prison where he is confined. He alleges that his due process rights were violated because the disciplinary proceeding in which he was found guilty of an unidentified misconduct was not completed for approximately two months.

According to Petitioner, the misconduct charge was initiated on February 21, 2014, a hearing on the misconduct charge was held on April 8, 2014, and he received a copy of the disciplinary hearing report on April 22, 2014. He alleges that he was found guilty of the misconduct charge and that sanctions were imposed, including the loss of 365 days of earned credits, canteen restrictions, and reduction of classification level to level one for ninety days.

Petitioner does not indicate that he appealed the misconduct, and he states that it would be futile to require him to raise his due process claim concerning the misconduct in state court because "there is NO avenue for presenting it in state court" and he "would be sanctioned" if he sought relief in a state court proceeding.

A habeas "petitioner bears the burden of demonstrating that he has exhausted his available state remedies." McCormick v. Kline, 572 F.3d 841, 851 (10th Cir. 2009)(internal quotation marks and citation omitted). See Montez v. McKinna, 208 F.3d at 862, 865 (10th Cir. 2000)(recognizing that the exhaustion requirements in § 2254 apply to petitions brought under § 2241).

When earned credits are removed in an institutional disciplinary hearing conducted in a prison in Oklahoma, the inmate may seek judicial review of the administrative decision. Okla. Stat. tit. 57, § 564.1 (effective May 10, 2005). The statute requires that the state district court determine whether the inmate's due process rights were protected, including whether any evidence existed in the record to support the finding of guilt. Okla. Stat. tit. 57, § 564.1(D). The inmate must file the action within 90 days of the date on which he was notified of the final decision in his administrative appeal of a misconduct. Okla. Stat. tit. 57, § 564.1(A)(1).

The face of the Petition reflects that Petitioner has failed to exhaust available state court remedies, and he has not asserted that he first exhausted administrative remedies available to him at CCF. Nevertheless, even if Petitioner has available administrative and state court remedies and he has not exhausted his claim in these avenues, the Court may deny the Petition on its merits. Montez, 208 F.3d at 866 (finding that § 2241 habeas petition was properly denied on its merits despite prisoner's failure to exhaust state court remedies because no federal constitutional claim was raised in petition).

It is well-established that "an inmate's liberty interest in his earned good time credits cannot be denied 'without the minimal safeguards afforded by the Due Process Clause of the Fourteenth Amendment.'" Taylor v. Wallace, 931 F.2d 698, 700 (10th Cir. 1991)(quoting Ponte v. Real, 471 U.S. 491, 495 (1985)). The Supreme Court recognized in Wolff v. McDonnell, 418 U.S. 539 (1974), that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does

not apply." Id. at 556.

When a prison disciplinary proceeding may result in the loss of earned credits, due process requires that the inmate receive "(1) advance written notice of the disciplinary charges, (2) an opportunity, when consistent with institutional safety and correctional goals, to present witnesses and documentary evidence in his defense, and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 454 (1984). The revocation of earned credits must also be supported by "some evidence" in the record. Id.

Petitioner does not contend that any of these minimal procedural safeguards were denied him in the disciplinary proceeding. Petitioner alleges that the misconduct occurred on February 21, 2014, the misconduct was referred for investigation on March 4, 2014, the misconduct was approved on March 5, 2014, a disciplinary hearing was set for March 12, 2014, the disciplinary hearing was postponed and held on April 8, 2014, and Petitioner received a copy of the disciplinary hearing report on April 22, 2014.

Petitioner's only claim is that the disciplinary proceeding was too lengthy to comport with due process guarantees. Petitioner has failed to carry his burden of showing that the disciplinary proceeding violated his due process rights under Wolff, which recognizes prison officials have the discretion to "keep the hearing within reasonable limits" and dictates only that a prisoner must have an opportunity to present a defense not less than 24 hours after receiving notice of the misconduct charge. Wolff, 418 U.S. at 564, 566. See Beeler v. Crouse, 332 F.2d 783, 783 (10th Cir. 1964)("Habeas corpus is a civil proceeding and the burden is

4

upon the petitioner to show by a preponderance of the evidence that he is entitled to relief."). Petitioner's allegations reflect that his due process rights were not violated with respect to these pronouncements.

Construing his *pro se* allegations generously, Petitioner appears to contend that prison officials violated the regulations of the Oklahoma Department of Corrections or of the private prison itself regarding the timing of certain procedural requirements during disciplinary proceedings. With this contention, Petitioner has not stated a cognizable claim for habeas relief. See Harrison v. Morton, 490 Fed. App'x. 988, 994 (10th Cir. 2012)(unpublished op.)("Prison disciplinary procedures do not create constitutionally protected liberty interests."); Godlock v. Fatkin, 84 Fed. App'x. 24, 30 (10th Cir. 2003)(unpublished op.)("Petitioner does not have a cognizable claim for federal habeas relief based solely on the failure of [the private prison] to follow particular regulations and directives.").

Petitioner may also be asserting that his due process interests were violated because of his placement in administrative segregation during the pendency of the disciplinary process. However, such "disciplinary segregation did not implicate a protected liberty interest triggering due process protections." Counts v. Wilson, __ Fed. App'x. __, 2014 WL 3720296, *3 (10th Cir. 2014)(unpublished op.). As Petitioner has not stated a cognizable claim for federal habeas relief, the Petition should be denied.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2241 be DENIED. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by August 25th , 2014, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this   4th   day of   August  , 2014.

*Gary M. Purcell*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE